**UNITED STATES of America,**
**Appellee,**

v.

**Alonzo VERNON, Defendant–**
**Appellant.**

**No. 05–6046–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Bobbi C. Sternheim, New York, NY, for Appellant.

Katherine Polk Failla, Assistant United States Attorney for Michael J. Garcia, United States Attorney for the Southern District of New York (Michael Y. Scudder, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND,* District Judge.

Defendant-appellant Alonzo Vernon appeals from a judgment entered on November 1, 2005, by the United States District Court for the Southern District of New York (Sprizzo, *J.*) sentencing Vernon to 120–months' imprisonment following a jury verdict finding Vernon guilty of conspiracy to distribute and to possess with intent to distribute crack cocaine. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We find that the District Court's sentence was not unreasonable. *See United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("The courts of appeals review sentencing decisions for unreasonableness."); *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). Vernon's argument that the District Court improperly sentenced him based on a drug quantity rejected by the jury is unpersuasive in light of this Court's decision in *United States v. Vaughn*, 430 F.3d 518 (2d Cir.2005), which held that the district court could properly sentence the defendants based on a drug quantity found by the court by a preponderance of the evidence, even though that quantity was rejected by the jury. *See id.* at 525–26. As we explained in *Vaughn*: "district

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict." *Id.* at 527. The District Court made no such errors here. The District Court did not believe the guidelines were mandatory and in fact sentenced Vernon below the guidelines range; the sentence imposed by the District Court did not exceed the statutory maximum authorized by the jury verdict, *see* 21 U.S.C. § 841(b)(1)(C) (setting statutory maximum for drug crime involving less than 5 grams of crack cocaine at 20 years); and the record provides no indication that the District Court believed it was required to impose a 10–year sentence as a mandatory minimum.

Furthermore, the District Court took into account the jury's acquittal when assessing the government's evidence. *See Vaughn,* 430 F.3d at 527 ("[D]istrict courts should consider the jury's acquittal when assessing the weight and quality of the evidence presented by the prosecution and determining a reasonable sentence."). The District Court discounted the drug quantity testified to by the cooperating witness due to the inexact nature of his testimony and the fact that as a cooperating witness, he may have had an incentive to provide an inflated number. Contrary to Vernon's contention, the District Court's finding by a preponderance of the evidence that the drug conspiracy at issue involved 750 grams of crack cocaine is neither erroneous nor tantamount to a rejection of the jury's verdict. *See id.* ("We emphasize that there is no logical inconsistency in determining that a preponderance of the evidence supports a finding about which there remains a reasonable doubt. . . .").

Accordingly, we find no basis to disturb the sentence imposed by the District Court.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**